1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6
   Attorneys for Defendant
7  Midland Credit Management, Inc.

8
                UNITED STATES DISTRICT COURT
9
              NORTHERN DISTRICT OF CALIFORNIA
10
                    SAN JOSE DIVISION
11

12  VINCE A. ROSA,                    )  CASE NO.: C 08 03687 JF HRL
                                      )
13                                    )
              Plaintiff,              )  **ANSWER TO COMPLAINT**
14                                    )
              vs.                     )
15                                    )
    MIDLAND CREDIT                    )
16  MANAGEMENT,                       )
                                      )
17                                    )
              Defendant.              )
18                                    )
                                      )
19  ─────────────────────────────    )

20

21

22

23

24

25

26

27

28

Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff VINCE A. ROSA ("Plaintiff"):

1.    Defendant admits, on information and belief, the allegations of Paragraph 1 of the Complaint.

2.    Denied.

3.    Denied.

3a.[1]    In answering Paragraph 3a of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff is "a member of a credit reporting agency" or whether on or about June 20, 2008, he "received notification of a new derogatory account on [his] credit report."  Defendant admits that it sent a letter to Plaintiff on or about May 2, 2008, the contents of which are self-explanatory and that Plaintiff sent a letter to Defendant dated May 5, 2008, the contents of which are self-explanatory.  Defendant also admits that it reported Plaintiff's financial obligation owed to it to consumer reporting agencies.  Except as herein admitted, the remaining allegations of Paragraph 3a are denied.

3b.    In answering Paragraph 3b of the Complaint, Defendant admits that Plaintiff sent letters to Defendant the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 3b are denied.

3c.    Denied.

3d.    In answering Paragraph 3d of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the results of Plaintiff's "research[]"

---

[1] Plaintiff has attached a declaration which appears between paragraphs 3 and 4 of the complaint to his form complaint as a supplement to paragraph 3 .  Defendant responds to each unnumbered paragraph in that declaration as subsections to paragraph 3 and thus has numbered each in its answer sequentially as  "3a" through "3e."

with the "Better Business Bureau in San Diego." Except as herein admitted, the remaining allegations of Paragraph 3d are denied.

3e.    In answering Paragraph 3e of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff "was in the process of buying a home when [the financial obligation at issue] appeared [on his credit report]." Except as herein admitted, the remaining allegations of Paragraph 3e are denied.

4.    In answering Paragraph 4 of the Complaint, Defendant admits that Plaintiff informed Defendant of his intention to sue for the amount of $5,000. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5.    In answering Paragraph 5 of the Complaint, Defendant admits that it has, at times, conducted interstate business with residents of the County of Monterey, California. Except as herein admitted, the allegations of Paragraph 5 are denied.

6.    Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 6 of the Complaint and on that basis, denies them.

7.    In answering Paragraph 7 of the Complaint, Defendant admits that Plaintiff does not purport to bring a claim about an attorney-client fee dispute. Except as herein admitted, the allegations of Paragraph 7 are denied.

8.    Denied.

9.    Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 9 of the Complaint and on that basis, denies them.

10.    Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 10 of the Complaint and on that basis, denies them.

11.    Defendant avers that no response to Paragraph 11 of the Complaint is required of it.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

//
//
//
//

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and the relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH  AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

**(Supervening Cause)**

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Setoff)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes to Defendant, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff lacks standing to pursue his claims against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiff's claims are preempted and/or barred in whole or in part by the provisions of the Fair Credit Reporting Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Malice, Fraud or Oppression)

Any statements or communications made by Defendant concerning Plaintiff and her delinquent account were made without malice, fraud or oppression.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendant's alleged conduct and communications in attempting to collect a debt constitutes valid commercial speech, and is therefore entitled to protection under the First Amendment of the Constitution of the United States. Plaintiff's proposed interpretation of the provisions of the Fair Debt Collection Practices Act must be rejected as they would place an unreasonable restraint upon valid commercial speech, thereby raising serious constitutional issues.

WHEREFORE, Defendant request judgment as follows:

1.  That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.

1        2.   That Defendant recover from Plaintiff costs according to proof.

2        3.   That Defendant recover attorneys' fees according to proof.

3        4.   That the Court order such other further reasonable relief as the Court

4 may deem just and proper.

5

6 DATED:  August 8, 2008      SIMMONDS & NARITA LLP
                            TOMIO B. NARITA
7                            JEFFREY A. TOPOR

8

9
                            By:    /s/Jeffrey A. Topor
10                               Jeffrey A. Topor

11                               Attorneys for defendant
                               Midland Credit Management, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28